IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| PATRICK LAUVERGEON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| WINDHAM PROFESSIONALS, INC. | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, PATRICK LAUVERGEON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, WINDHAM PROFESSIONALS, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. PATRICK LAUVERGEON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Evans, County of Weld, State of Colorado.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to the University of Northern Colorado (hereinafter "the Debt").

1

6. The Debt was for a student loan, the funds of which were used for the personal use of Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. WINDHAM PROFESSIONALS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Colorado. Defendant is incorporated in the State of New Hampshire.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

14. In February 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt wherein the parties engaged in a telephone conversation.

15. The aforesaid telephone conversation was Defendant's initial communication with Plaintiff relative to the Debt.

16. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

17. From February 2012 through in or around May 2012, Defendant initiated multiple telephone calls to Plaintiff in a further attempt to collect the Debt.

18. During the aforesaid time period, Defendant initiated at least one (1) telephone call to Plaintiff after 9:00 p.m., Mountain Daylight Time.

19. During the aforesaid time period, Plaintiff received at least one (1) telephone call from Defendant after 9:00 p.m., Mountain Daylight Time.

20. During the aforesaid time period, Plaintiff was residing in the Mountain Daylight Time zone.

21. From February 2012 through in or around May 2012, Defendant engaged in multiple telephone calls with Plaintiff in a further attempt to collect the Debt.

22. During a telephone call between Plaintiff and Defendant, during the aforesaid time period, Defendant's duly authorized representative did not provide Plaintiff with information relative to his individual identity.

23. During a telephone call between Plaintiff and Defendant, during the aforesaid time period, Defendant's duly authorized representative refused to provide Plaintiff with information relative to his individual identity.

24. During the aforesaid time period, Plaintiff engaged in a telephone conversation with a female duly authorized representative of Defendant who, again, did not provide Plaintiff with information relative to her individual identity.

25. During the aforesaid telephone call between Plaintiff and the aforesaid duly authorized representative of Defendant, Defendant's duly authorized representative refused to provide Plaintiff with information relative to her individual identity.

26. From in or around February 2012 through in or around April 2012, and on multiple occasions therein, Defendant told Plaintiff if he did not pay the Debt then all of Plaintiff's income would be garnished.

27. At the time Defendant made the aforesaid threat to garnish all of Plaintiff's income, Plaintiff was a recipient of social security disability income.

28. As a result of Plaintiff's status as a social security disability income recipient, at the time of making the aforesaid threat, Defendant was precluded from garnishing the entirety of Plaintiff's social security disability income payments.

29. Defendant's threat to garnish all of Plaintiff's social security disability income was false, deceptive and/or misleading given that Defendant could not legally have carried out the aforesaid threat.

30. Defendant's threat, as delineated above, was made in an effort to coerce Plaintiff into making a payment to Defendant.

4

31. From in or around February 2012 through in or around April 2012, and on multiple occasions therein, Defendant told Plaintiff if he did not pay the Debt then Plaintiff's wife's income and Plaintiff's wife's income tax refund would be garnished.

32. Plaintiff informed Defendant, on multiple occasions, that his wife was not responsible or obligated to pay the Debt.

33. Despite Plaintiff having informed Defendant, on multiple occasions, of the information delineated above, Defendant told Plaintiff it did not care if Plaintiff's spouse was innocent.

34. Despite Plaintiff having informed Defendant, on multiple occasions, of the information delineated above, Defendant reiterated to Plaintiff that if he did not pay the Debt then Plaintiff's wife's income and Plaintiff's wife's income tax refund would be garnished.

35. Plaintiff's wife was neither legally responsible nor obligated to pay the Debt on which Defendant was attempting to collect.

36. Defendant has no standing to commence garnishment proceedings against Plaintiff's wife with respect to the Debt.

37. At the time Defendant made the aforesaid threats to Plaintiff regarding garnishing his wife's wages and income tax refund, Defendant had no authority to carry out the threatened action.

38. At the time Defendant made the aforesaid threats to Plaintiff regarding garnishing his wife's wages and income tax refund, Defendant had no intent to carry out the threatened action.

39. The representations made to Plaintiff by Defendant regarding the garnishment of Plaintiff's wife's income and Plaintiff's wife's income tax refund were false, deceptive and/or misleading given that Defendant had no authority to carry our the aforesaid threatened conduct.

40. The representations made to Plaintiff by Defendant regarding the garnishment of Plaintiff's wife's income and Plaintiff's wife's income tax refund misrepresented the character, nature and/or status of the Debt given that Plaintiff's wife was not legally responsible or obligated to pay the Debt.

41. Defendant's representations to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had to enter into a payment arrangement with Defendant to avoid having all of his social security disability income payments garnished.

42. Defendant's representations to Plaintiff, as delineated above, caused Plaintiff to believe he had no choice but to enter into a payment plan with Defendant.

43. During the course of the aforesaid time period, on multiple occasions, Defendant informed Plaintiff that if he did not pay the Debt in full then Plaintiff could be summoned to court and face possible arrest by the police.

44. Defendant further told Plaintiff that if he failed to pay the Debt then it would be considered as if Plaintiff had committed a crime.

45. Defendant further told Plaintiff that if he failed to pay the Debt he could be sent to jail.

46. Defendant's representation to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt as a result of Plaintiff having allegedly failed to pay the Debt.

47. Defendant's representations to Plaintiff, as delineated above, caused Plaintiff to believe he engaged in criminal conduct and that he could be sent to jail for having allegedly failed to pay the Debt.

48. Plaintiff has not engaged in criminal conduct with respect to the Debt.

49. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

50. Defendant's representation that Plaintiff could be arrested relative to the Debt misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect.

51. Defendant's representations that Plaintiff could be arrested were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

52. During the course of the aforesaid time period, while Defendant engaged in a telephone call with Plaintiff, Defendant informed Plaintiff that if Plaintiff did not pay the Debt a lawsuit would be filed against him and that Plaintiff would then be required to pay additional funds relative to attorneys' fees and costs.

53. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Defendant would summarily obtain a judgment against Plaintiff and that as a result of the judgment Plaintiff would have to pay additional funds for attorneys' fees and costs incurred by Defendant.

54. Defendant's representations, as delineated above, further had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Plaintiff would not be able to defend himself in a lawsuit brought against him by Defendant.

55. Defendant's representations, as delineated above, were false, deceptive and/or misleading given that Plaintiff would be provided an opportunity to defend himself in a lawsuit brought against him by Defendant.

56. Defendant's representations, as delineated above, misrepresented the character, nature and/or legal status of the Debt given that Plaintiff would be provided an opportunity to defend himself in a lawsuit brought against him by Defendant.

57. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

58. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

59. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

60. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

61. On or about April 5, 2012, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant, again, attempted to collect the Debt.

62. During the aforesaid telephone call, Defendant, again, told Plaintiff if he did not pay the Debt then his entire income would be garnished, along with his wife's wages and his wife's income tax return.

63. Defendant further reiterated to Plaintiff that Plaintiff could be arrested and sent to jail if he did not pay the Debt.

64. Plaintiff informed Defendant that he wanted to speak to an attorney to see if he had any rights with respect to the Debt.

8

65. Defendant responded by laughing at Plaintiff.

66. Defendant further told Plaintiff that no attorney could help him.

67. Defendant then told Plaintiff that he was "foolish" and that he was a "drain on society."

68. Due to Defendant's representations to Plaintiff during the course of the multiple telephone conversations between the parties, Plaintiff believed he had no choice but to enter into a payment agreement with Defendant relative to the Debt.

69. Due to Defendant's representations, on or about April 5, 2012, Plaintiff entered into a payment agreement with Defendant such that Plaintiff would pay $25.00 to Defendant, a month, for a period of six (6) months and after the six (6) month period Plaintiff would pay Defendant $100.00 per month until the Debt was paid in full.

70. Despite Plaintiff having made a payment to Defendant, on or about April 6, 2012, in accordance with the payment agreement entered into between the parties, subsequent thereto Defendant continued to initiate telephone calls to Plaintiff in a further attempt to collect the Debt.

71. Despite Plaintiff having made a payment to Defendant, subsequent thereto Defendant continued to threatened and harass Plaintiff during multiple telephone calls, by reiterating to Plaintiff the previous statements made to Plaintiff, as delineated above.

72. Defendant's conduct in coercing Plaintiff into entering into a payment arrangement with Defendant only for Defendant to continue to harass and abusive Plaintiff in a further attempt to collect the debt was unfair and/or unconscionable.

73. Plaintiff was coerced into entered into the payment agreement with Defendant as Plaintiff felt he had no other option.

74. To date, Plaintiff has continued to comply with the terms of the payment agreement entered into between him and Defendant.

75. During the course of the aforesaid time period, Defendant made statements, as delineated above, that were neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

76. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the Debt.

77. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

78. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

79. Due to Defendant's conduct, as delineated above, Plaintiff experienced and continues to experience extreme emotional distress at the thought that Defendant was going to have him arrested and sent to jail.

80. Due to Defendant's conduct, as delineated above, Plaintiff experienced and continues to experience trouble sleeping.

81. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   c. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    d. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    f. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    g. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    i. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    l. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

82. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

83. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PATRICK LAUVERGEON, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**PATRICK LAUVERGEON**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: July 23, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithlaw.us